IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Q. Miles,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et. al,<br><br>    Respondents. | No. CV-10-8138-PCT-GMS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, doc. 1, challenging his sentence imposed pursuant to his guilty plea in Arizona Superior Court, Yavapai County Cause Number CR 998-0072. Respondents have filed an Answer, doc. 9, to which Petitioner has replied, doc. 10. Petitioner has also filed a separate motion to enforce plea agreement, doc. 11, seeking the same relief as his § 2254 Petition. As discussed below, the Petition and Motion should be denied.

**I. Background**

    **A. Charges, Plea, and Sentencing**

Based on events that took place on October 15, 1989, the State of Arizona charged Petitioner with first-degree premeditated murder and two other offenses. (Respondents' Exh. A at 2; Exh. B at 9) The State filed a notice of intent to seek the death penalty. (Respondents' Exh. B at 14) On April 27, 2000, Petitioner pled guilty, pursuant to a plea

1  agreement, to second-degree murder.[1]  (Respondents' Exh. B at 6-9, 15-18)   In exchange for
2  Petitioner's guilty plea, the State agreed to withdraw the death penalty allegation, dismiss
3  the other charges, and stipulate to a twenty-year sentence to run concurrently with sentences
4  Petitioner was serving on unrelated charges.  (Respondents' Exh. A at 2; Exh. B at 4, 15, 18-
5  22)   The plea agreement stated that Petitioner would be eligible to earn one early release
6  credit for each six days served.  (Respondents' Exh. A)   During the May 30, 2000
7  sentencing hearing, the trial court clarified that Petitioner "may not be released until he's
8  served the entire sentence."  (Respondents' Exh. C at 4)   The sentencing minute entry states
9  that Petitioner was "not eligible for release until he has served [the] entire term of
10 incarceration."  (Respondents' Exh. D)

The court provided Petitioner with a Notice of Rights of Review After Conviction and Procedure, informing Petitioner that post-conviction proceedings must be commenced within 90 days of the entry of judgment and sentence.  (Respondents' Exh. C at 4)

**B.  Petition for Review**

On April 1, 2009, Petitioner filed a *pro se* motion entitled "Motion - Petition for Review," pursuant to Arizona Rules of Criminal Procedure 26.10 and 26.13.  (Respondents' Exh. E)   Petitioner argued that the Arizona sentencing statutes in effect at the time he committed his offense did not require "flat time."  Petitioner asked the court to review Petitioner's sentencing "for clarification and correctness."  (Respondents' Exh. E at 2)   He argued that the trial court violated Petitioner's Fourteenth Amendment right to due process by sentencing him to "flat time."  (Respondents' Exh. E)  The State responded that Petitioner "was subject to sentencing pursuant to A.R.S. § 13-710, not A.R.S. § 13-701, as correctly indicated in his Judgment of Guilt and Sentence dated May 30, 2000."  (Respondents' Exh. F)  In his reply, Petitioner argued that he was entitled to be sentenced "under the old code of 1978."  (Respondents' Exh. G)

---

[1] The Honorable Richard Anderson presided.

- 2 -

On April 27, 2009, the court denied Petitioner's motion. The court first noted that Petitioner's claim should have been brought under Arizona Rule of Criminal Procedure 32.[2] "However, because the parties had addressed the substantive issues raised by [Petitioner], the Court deems the technical requirements of Rule 32 to have been waived as to this motion and claim only." (Respondents' Exh. H) The court denied Petitioner's motion, finding that Petitioner's 1989 offense was "governed by the 1984 amendments to A.R.S. § 13-1104," and that "the language of A.R.S. § 13-710 in effect at the relevant time 'required a sentence of calendar years or flat time.'" (Respondents' Exh. H) (citing *State v. Griffin*, 154 Ariz. 483, 744 P.2d 10 (Ariz. 1987)).

Petitioner sought review in the Arizona Court of Appeals. Petitioner reasserted his claim that the Fourteenth Amendment due process rights were violated because the trial court sentenced him to "flat time" under A.R.S. § 13-710, rather than sentencing him under A.R.S. 13-701. (Respondents' Exh. I at 3, 5) For the first time, Petitioner asserted that the State had breached the plea agreement. (Respondents' Exh. I at 6-7) The appellate court denied review without comment. (Respondents' Exh. J) Petitioner did not seek review in the Arizona Supreme Court.

### C. Federal Petition for Writ of Habeas Corpus

On July 29, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (Doc. 1) Respondents assert that the Petition should be dismissed as untimely. Respondents alternatively argue that Petitioner's claims are procedurally barred. Petitioner has filed a reply. As discussed below, the Petition is untimely and should be dismissed on that basis. Alternatively, the Petition should be denied because Petitioner's claims are procedurally defaulted and barred from federal habeas corpus review.

---

[2] The Honorable Warren R. Darrow presided over post-conviction proceedings.

## II. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-year period in which to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1).

Title 28 U.S.C. § 2244 provides, in pertinent part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
>
> * * *
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Petitioner argues that § 2244(d)(1)(D) should apply because his claims that the State breached the plea agreement did not arise "until 2009 when talks were begun about releasing prisoners early [when he] was informed that his sentence was flat time or day for day." (Doc. 1 at 6) Respondents dispute this assertion. The plea agreement stipulated to a "prison sentence of 20 years." (Respondents' Exh. A) The plea agreement further stated that, "[i]f the defendant is sentenced to prison the defendant **is** eligible to earn a release credit day for every six days served." (*Id.*) (emphasis in original) During the sentencing hearing, the court stated that, "It is the judgment and sentence of this court that Defendant be imprisoned for an aggravated term of 20 years. This is an old-code case, a 1978 code case. The Defendant "may not be released until he's served the entire sentence." (Doc. 9 at 5) (Respondents' Exh. C at 4) The Judgment of Guilt and Sentence states that Petitioner was guilty of Second Degree murder, a class one felony, pursuant to A.R.S. § 13-1101, § 13-1104, and § 13-710, based on an offense committed on October 15, 1989. (Respondents' Exh. D) The Judgment of Guilt and Sentence further states that Petitioner is sentenced to aggravated term of "20 years imprisonment in the AZ Department of Corrections," and that

- 4 -

Petitioner is "not eligible for release until he has served [the] entire term of incarceration." (*Id.*)

The terms of the plea agreement, and the court's statements during sentencing are inconsistent. On the one hand, the plea agreement indicates that Petitioner "is eligible to earn a release credit day for every six days served." (Respondents' Exh. A) The court also stated that "this in an old-code case, a 1978 case." Presumably, the Court was referring to A.R.S. § 13-1104, before the 1984 amendments. In 1984, the Arizona legislature amended A.R.S. § 13-1104(B) to reclassify second degree murder from a class 2 felony to a class 1 felony. The legislature also enacted A.R.S. § 13-710 setting the punishment for second degree murder at 15 calendar years, aggravated or mitigated by up to five years. *State v. Griffin*, 154 Ariz. 483, 484, 744 P.2d 10, 11 (Ariz. 1987). Inconsistent with the court's reference to "an old-code case," the court also stated - during the sentencing hearing and in the sentencing minute entry - that Petitioner was not eligible for release until he served the entire sentence.

Petitioner argues that he was not aware that he had been sentenced to "flat time" and was ineligible for earned release credits until 2009. (Doc. 10 at 4, 12) Petitioner does not explain why he waited to clarify his sentence until 2009. Petitioner was sentenced in 2000, and the court's statement that Petitioner was not eligible for release until after he served his entire sentence, which was inconsistent with the plea agreement which provided for earned release credits, was in the record in 2000. In his state-court pleadings, Petitioner notes that the "Judgment of Guilt and Sentence document filed 5/30/2000 shows a violation of A.R.S. § 13-710 instead of § 13-701 thereby in effect changing [Petitioner's] sentence to flat time." (Respondents' Exh. I) In view of the record that existed in 2000, Petitioner, through the exercise of diligence, could have discovered the facts regarding his sentencing claim. Thus, the Court finds that § 2244(d)(1)(D) does not apply.

### A. "Final by Conclusion of Direct Review"

To assess the timeliness of the Petition for Writ of Habeas Corpus, the Court must first determine the date on which Petitioner's conviction became "final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). Significant to that determination is that, by pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. A.R.S. § 13-4033(B). Petitioner, however, retained the right to seek review in an "of-right" proceeding pursuant to Ariz.R.Crim.P. 32. Ariz.R.Crim.P. 32.1, 32.4. For an Arizona non-capital defendant who pleads guilty, such as Petitioner, the conviction becomes "final by the conclusion of direct review" at the conclusion of the "of-right" post-conviction proceeding under Arizona Rule of Criminal Procedure 32. *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (concluding that an "'of-right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. § 2244(d)(1).") Because Petitioner pleaded guilty, his conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review." *Summers*, 418 F.3d at 711.

Here, Petitioner pleaded guilty and was sentenced on May 30, 2000. (Respondents' Exhs. C, D) Under Arizona law, Petitioner had ninety days from the entry of judgment and sentence - or until August 28, 2000 - within which to file a notice of post-conviction relief under Rule 32. *See* Ariz.R.Crim.P. 32.1, 32.4(a) (stating that "[i]n a Rule 32 of-right proceeding the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding."). Petitioner did not file a notice of Rule-32 relief within the 90-day period. Accordingly, the AEPDA limitations began to run on August 28, 2000 and concluded a year later on August 28, 2001. Petitioner did not file his § 2254 petition until July 29, 2010, well after expiration of the one-year limitations period. Accordingly, absent tolling, it is untimely.

**B. Tolling the Limitations Period**

**1. Statutory Tolling**

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2) (the AEDPA's limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.").

As previously stated, the AEDPA limitations period commenced on August 28, 2000, upon the expiration of the time for seeking collateral review under Ariz.R.Crim.P. 32, *see Summers*, 418 F.3d at 711, and expired on August 28, 2001. Nearly nine years after the one-year limitations period expired, Petitioner filed a "Petition for Review," which the trial court treated as a notice of post-conviction relief under Rule 32. Because the AEDPA statute of limitations had already run by the time Petitioner commenced this post-conviction action, statutory tolling will not save his Petition. Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Section 2244(d)(2) cannot "revive 'the limitation period (i.e. restart the clock to zero); it can only serve to pause a clock that has not yet fully run. Once the limitation period is expired, collateral petitions can no longer serve to avoid a statute of limitation.'" *Johnson v. Galaza*, No. C 00-0450 CRB (PR), 2001 WL 125312, * 1 (N.D.Ca., Feb. 7, 2001) (quoting *Rashia v. Kuhlman*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)). *See also*, *Brinkley v. Tilton,* 372 Fed.Appx. 732, 733 (9th Cir. 2010) (finding "no basis to apply statutory tolling because the one-year limitations period had already expired by the time [petitioner] filed his first state petition."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit re-initiation of the limitations period that has ended before the state petition was filed.").

In summary, Petitioner's Petition for Writ of Habeas Corpus, filed on July 29, 2010, is untimely. Moreover, even if the Petition were timely filed, Petitioner's claims are procedurally defaulted and barred from federal habeas review.

**II. Exhaustion and Procedural Default**

    **A. Relevant Legal Principles**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*); 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, petitioner bears the burden of showing he has properly exhausted each claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir.1981) (*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir.1995). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must "fairly present" her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either on direct review or in a petition for post-conviction relief. *See Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2004); *Crowell v. Knowles,* 483 F.Supp.2d 925 (D.Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

To result in exhaustion, claims must be fairly presented. That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his federal claim. *Picard v. Conor*, 404 U.S. 270, 276-77 (1971). A claim has been fairly presented if petitioner has described in state court both the operative facts and the federal legal theory upon which he bases his claim in federal court. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (stating that "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); *Galvan v. Alaska Department of Corrections*, 397 F.3d 1198, 1205 (9th Cir. 2005) (stating that "[t]o exhaust a federal constitutional claim in state court, a petitioner has to have, at least, explicitly alerted the court that she was making a federal constitutional claim."). General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, do not establish fair presentation of a federal constitutional claim. *Castillo*, 399 F.3d at 1002 (observing that "[e]xhaustion requires more than drive-by citation, detached from any articulation of an underlying federal legal theory."); *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial"). Similarly, a mere reference to the "Constitution of the United States" does not preserve a federal claim. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ." *Lyons*, 232 F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court must read beyond the petition or brief filed in that court to discover the federal claim. *Baldwin*, 541 U.S. at 27. In summary, a "petitioner fairly and fully presents a claim to the state court for

purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum; (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted).

Where a prisoner fails to "fairly present" a claim to the state courts in a procedurally appropriate manner, state court remedies may, nonetheless, be "exhausted." This type of exhaustion is often referred to as "procedural default" or "procedural bar." *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991); *Coleman*, 501 U.S. at 731-32. There are two categories of procedural default. First, a state court may have applied a procedural bar when the prisoner attempted to raise the claim in state court. *Nunnemaker*, 501 U.S. at 802-05. Second, the state prisoner may not have presented the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state court would be "futile." *Teague v. Lane*, 489 U.S. 288, 297-99 (1989).

Dismissal with prejudice of a procedurally barred or procedurally defaulted habeas claim is generally proper absent "cause and prejudice" or a "miscarriage of justice" which would excuse the default. *See Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Reed v. Ross*, 468 U.S. 1, 11 (1984). To establish cause, a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Id.* The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id.* To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong.

To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no

reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

### B. Ground One

In Ground One, Petitioner argues that, because he is not eligible for earned release credits and must serve his entire 20-year sentence, the State violated his Fifth Amendment right to due process by breaching the plea agreement which provided for earned-release credits. (Doc. 1 at 6)

As Respondents correctly note, Petitioner did not raise a Fifth Amendment claim to the state courts in any proceeding. (Respondents' Exh. E, G, I) Thus, as Respondents argue, Petitioner did not fairly present his Fifth Amendment claim to the State courts. *See Baldwin*, 541 U.S. at 29 ("To provide the State with the necessary 'opportunity,' the prisoner must "fairly present" his claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). As discussed below in Section C, Petitioner's Fifth Amendment claim asserted in Ground One is procedurally defaulted and barred from federal habeas corpus review.

### C. Ground Two

In Ground Two, Petitioner argues that the State violated his Fourteenth Amendment right to due process by breaching the plea agreement. (Doc. 1 at 7) In his Petition for Review/Rule-32 proceeding, Petitioner argued that the trial court violated his Fourteenth Amendment right to due process by sentencing him under the wrong statute. (Respondents' Exh. E) Petitioner did not, however, argue that the State breached the plea agreement. In his petition for review to the Arizona Court of Appeals, Petitioner argued - for the first time - that the State had breached the plea agreement. (Respondents' Exh. I) Petitioner's urging of this claim for the first time on appellate review following the denial Rule-32 relief was not sufficient to fairly present his Fourteenth Amendment due process claim to the state courts. *Baldwin*, 541 U.S. at 29. Accordingly, as discussed in section C below, this claim is procedurally defaulted and barred from federal habeas corpus review.

- 11 -

Moreover, the essence of Petitioner's claim in Ground Two is that he was sentenced under the incorrect version of Arizona's sentencing statutes. (Doc. 1 at 6-7) Relying on *Griffin*, the state court found that Petitioner's 1989 offense was "governed by the 1984 amendment to A.R.S. § 13-1104(B), and that "the language of A.R.S. § 13-710 in effect at the relevant time 'required a sentence of "calendar years" or "flat time." (Respondents' Exh. H); *State v. Griffin*, 154 Ariz. 483, 744 P.2d 10 (Ariz. 1987). In *Griffin*, the Arizona Supreme Court found that under the 1984 amendment to A.R.S. § 13-1104(B) - governing second-degree murder - and the 1984 enactment of sentencing statute A.R.S. § 13-710, the maximum sentence for second-degree murder is twenty "calendar years," defined as 365 days "actual time served" without early release on any basis. 154 Ariz. at 485, 744 P.2d at 12. On habeas corpus review, this Court is bound by the State court's interpretation of its own sentencing laws. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Additionally, Petitioner cannot convert his state-law claim into a federal one by merely referring to the Fourteenth Amendment Due Process Clause. *Langford*, 110 F.3d at 1389.

### D. Procedural Default

As discussed above, Petitioner did not properly present his claims raised in Grounds One and Two to the Arizona courts. Petitioner's claims are procedurally barred, because Petitioner failed to properly present those claims to the Arizona courts and a return to state court to present those claims would be futile. Petitioner is time-barred from raising the foregoing claims in a successive petition for post-conviction relief because the time for filing a notice of post-conviction relief has long expired. *See* Ariz.R.Crim.P. 32.1 and 32.4 (a petition for post-conviction relief must be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is later.") Likewise, Petitioner is time-barred from seeking appellate review because Arizona Rules of Criminal Procedure 32.9(c) and 31.19(a) require petitions for review from the denial of a petition for post-conviction relief, and petitions for

review to be filed within 30 days after the final decision of the trial court or the court of appeals. Thus, Petitioner is time-barred from seeking further review in the state court.

Additionally, under Rule 32.2(a) of the Arizona Rules of Criminal Procedure, a defendant is precluded from raising claims that could have been raised on direct appeal or in any previous collateral proceeding. *See State v. Berryman,* 178 Ariz. 617, 624, 875 P.2d 850, 857 (Ariz. Ct. App. 1994) (defendant's claim that his sentence had been improperly enhanced by prior conviction was precluded by defendant's failure to raise issue on appeal).

Because Petitioner's claims are procedurally defaulted, federal habeas corpus review is only available if he establishes cause and prejudice or a fundamental miscarriage of justice. To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Murray,* 477 U.S. at 488-492. The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id.* Prejudice is actual harm that results from the constitutional violation or error. *Magby v. Wawrzaszek,* 741 F.2d 240, 244 (9th Cir. 1984). Where petitioner fails to establish cause for his procedural default, the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray,* 477 U.S. 527, 533 (1986). Petitioner offers no argument sufficient to overcome the procedural bar. (*See* Doc. 36) Petitioner's status as an inmate and lack of legal knowledge do not constitute cause for his failure to present his claims to the Arizona courts. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding that an illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (finding that petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause.) Petitioner has not shown cause or prejudice to excuse the procedural default.

Petitioner has also failed to show that failure to consider his defaulted claims will result in a fundamental miscarriage of justice. A federal court will only review a procedurally defaulted habeas claim on the merits if petitioner demonstrates that failure to consider the merits of the claim will result in a "fundamental miscarriage of justice." A "fundamental miscarriage of justice" occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298 (1995). The fundamental miscarriage of justice exception applies to a "narrow class of cases" in which a petitioner makes an extraordinary showing that an innocent person was probably convicted because of a constitutional violation. *Schlup,* 513 U.S. at 321 (1995). Petitioner has the burden of demonstrating that a "constitutional violation has resulted in the conviction of one who is actually innocent." *Id.* at 327. To establish the requisite probability, Petitioner must prove with new reliable evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 324, 327. New evidence presented in support of a fundamental miscarriage of justice claim may include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." *Id.* at 324, *see also, House v. Bell,* 547 U.S. 518 (2006) (stating that a fundamental miscarriage of justice contention must involve evidence that the trial jury did not have before it).

Petitioner has not offered any new evidence, or asserted that, in light of any newly discovered evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 324, 327.

Because Petitioner has not established any basis to excuse his procedural default, Petitioner's claims are barred from federal habeas corpus review.

**III. Conclusion**

In summary, because the Petition for Writ of Habeas Corpus is untimely and Petitioner has not established any basis for avoiding the AEDPA limitations period, the

- 14 -

Petition should be denied. Alternatively, the Petition should be dismissed because Petitioner's claims are procedurally defaulted and barred from federal habeas corpus review.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus, doc. 1, and his Motion to Enforce Plea Agreement, doc. 11, be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 1st day of August, 2011.

Lawrence O. Anderson
United States Magistrate Judge