**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Q. Miles, ) | No. CV-10-8138-PCT-GMS (LOA) |
| Petitioner, ) | **ORDER** |
| v. ) | |
| Charles L. Ryan, et. al, ) | |
| Respondent. ) | |

Pending before the Court are Petitioner's Petition for Writ of Habeas Corpus and United States Magistrate Judge Anderson's Report and Recommendation ("R&R"). Docs. 1, 12. The R&R recommends that the Court deny the Petition. Doc. 12 at 15. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R and that failure to file timely objections could be considered a waiver of the right to obtain review of the R&R. *Id.* at 15 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e)); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)).

The parties did not file objections, which relieves the Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court has nonetheless reviewed the R&R and finds that it is well-taken. The Court will

accept the R&R and deny the Petition. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

**IT IS ORDERED:**

1. Magistrate Judge Anderson's R&R (Doc. 12) is **ACCEPTED**.
2. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.
3. The Clerk of Court shall **terminate** this action.
4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 22nd day of August, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge